UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                        Chapter 11

Hog Brothers Recycling, LLC,                  Case No. 10-48733

           Debtor.                            Hon. Phillip J. Shefferly
_____/

**ORDER (1) DENYING FORT IRON AND METAL
COMPANY'S MOTION FOR A DETERMINATION REGARDING PRIOR
BANKRUPTCY COURT ORDERS; AND (2) CLOSING BANKRUPTCY CASE**

On May 30, 2013, Fort Iron and Metal Company ("Fort Iron") filed a motion (ECF No. 138) requesting a determination that prior orders entered by the Bankruptcy Court in this case transferred all of the assets of the Debtor, Hog Brothers Recycling, LLC, to Fort Iron. Two responses to the motion were filed. On June 17, 2013, CSX Transportation, Inc. ("CSX"), a creditor of the Debtor, filed a response (ECF No. 142) objecting to the motion. On June 21, 2013, the Debtor filed a concurrence (ECF No. 145) in the relief requested by the motion. On June 24, 2013, the Court held a hearing on the motion. At the conclusion of the hearing, the Court denied the motion and explained its reasons for doing so. The Court also determined to close this bankruptcy case after it enters an order denying the motion. This order is entered to memorialize and supplement the Court's ruling made at the hearing.

To understand the reasons for this ruling, it helps to go back and review this bankruptcy case. On March 18, 2010, the Debtor filed this Chapter 11 case. On April 12, 2010, the United States Trustee ("UST") appointed (ECF No. 19) a committee of unsecured creditors ("Official Creditors' Committee"). On April 19, 2010, consistent with its normal practice, the Court entered a Chapter 11

case management order (ECF No. 24). The case management order fixed a deadline for the Debtor to file a plan of reorganization. However, instead of filing a plan of reorganization, on May 3, 2010, the Debtor filed a motion (ECF No. 35) requesting authority to sell substantially all of its assets to Fort Iron, a related party. On July 9, 2010, the Court entered an order (ECF No. 77) granting the motion. When the Debtor did not file a plan of reorganization by the date required in the case management order, the Court entered an order (ECF No. 82) on August 2, 2010 requiring the Debtor to show cause why the case should not be converted to Chapter 7 or dismissed. The Debtor responded by filing a motion (ECF No. 84) on August 9, 2010 requesting two forms of relief: authority to sell any remaining assets to Fort Iron, and dismissal of the Chapter 11 bankruptcy case. On September 3, 2010, the Court entered an order (ECF No. 93) granting the motion, but required certain steps to be taken before the case would be dismissed. On October 22, 2010, the Court entered an order (ECF No. 105) dismissing this case. The Court closed the case on October 25, 2010.

Section 349 of the Bankruptcy Code is titled "Effect of Dismissal." This section spells out the legal consequences of dismissal of a bankruptcy case. Among other things, it provides in § 349(b)(3) that dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." When the Court dismissed the Debtor's bankruptcy case on October 22, 2010, pursuant to § 349(b)(3), to the extent that there was any remaining property in this Chapter 11 case, it revested in the Debtor. The dismissal did not have the effect of vacating the two orders entered by the Court approving sales of assets to Fort Iron, but it did have the effect of revesting any other property of the estate in the Debtor, to the extent that the Debtor owned any property that was not included in the sales to

Fort Iron. In other words, if the Debtor owned any property that had not been sold during the Chapter 11 bankruptcy case, it became revested in the Debtor on October 22, 2010. Further, under § 362(c)(2)(B), the dismissal of the Chapter 11 case terminated the automatic stay of § 362(a) that applied to creditors of the Debtor during the bankruptcy case. In short, the combined effect of § 349(b)(3) and § 362(c)(2)(B) meant that any creditors of the Debtor could proceed with respect to any collection actions against the Debtor and any of the Debtor's property that revested in it upon the dismissal of the bankruptcy case. One of its creditors, CSX, did just that.

CSX had filed a lawsuit against the Debtor prior to the Debtor's Chapter 11 bankruptcy case. That lawsuit was stayed during the bankruptcy case. CSX resumed the lawsuit once the Debtor's bankruptcy case was dismissed. On March 23, 2011, CSX obtained a default judgment against the Debtor in the amount of $481,343.65. During the course of proceedings to collect on the default judgment, CSX took discovery that led it to believe that there were distributions that the Debtor had made to three of its members prior to the Debtor's bankruptcy case, but which were not disclosed on the schedules filed by the Debtor in its bankruptcy case. On March 9, 2012, CSX filed a lawsuit ("District Court Lawsuit") in the United States District Court for the Eastern District of Michigan against Frank DeNardo, Jr., Clifford Winter and Douglas Dauer, all of whom were members of the Debtor, and Patricia Winter, who is married to Clifford Winter (collectively, the District Court Defendants"). The District Court Lawsuit alleged that the Debtor had made transfers to the District Court Defendants prior to the Debtor's bankruptcy case that were fraudulent as to the Debtor's creditors, and that were not disclosed by the Debtor during its bankruptcy case.

The District Court Defendants filed a motion to dismiss. On March 25, 2013, Judge Goldsmith issued an opinion and order ("Opinion") denying the motion. Among other things,

the Opinion held that the Debtor "was required to disclose the fraudulent conveyance and unlawful distribution claims" in the Debtor's bankruptcy case.  CSX Transportation, Inc. et al. v. Denardo et al., No. 12-CV-11060, slip op. at 6 (E.D. Mich. Mar. 25, 2013).  The Opinion also stated that "[t]he Court concludes that because the claims at issue were not disclosed, they were not formally abandoned and remained property of Hog Brothers' estate."  Id. at 7.  Further, the Opinion stated that CSX was "not seeking to resist the Bankruptcy Court's asset sale, because, as discussed above, the claims at issue here were never part of the asset sale." Id. at 12.  Finally, the Opinion stated that it would be appropriate to "notify the Bankruptcy Court of this action so that the Bankruptcy Court can determine whether to reopen the case."  Id. at 9.

On April 2, 2013, pursuant to the Opinion, the Bankruptcy Court entered an order (ECF No. 107) scheduling a hearing to consider whether to reopen this dismissed Chapter 11 case.  The order required counsel for the Debtor, counsel for the Official Creditors' Committee, and counsel for the UST to each file a written response by April 17, 2013, and also permitted any other parties in interest to file a response if they wished to be heard on the issue of whether this case should be reopened.  Six parties timely filed responses.  The Debtor, Fort Iron and the UST each filed a response opposing the reopening of this case.  A creditor, North American Dismantling Corp., and an Informal Committee of Unsecured Creditors ("Informal Committee") of the Debtor each filed a response supporting the reopening of this case.  The Official Creditors' Committee took no position on whether the case should be reopened.

On April 29, 2013, the Court conducted a hearing at which it heard arguments by the Debtor, the UST, Fort Iron, the Informal Committee, and Douglas Dauer, one of the District Court Defendants.  At the conclusion of the hearing, the Court reopened the case under § 350(b) of the

-4-

Bankruptcy Code. In part, the Court did so because the Informal Committee indicated that it believed that there were potential assets that could be administered in the bankruptcy case and, importantly, that the Informal Committee may file an action to accomplish such administration. In light of the concerns expressed by Judge Goldsmith in the Opinion, the Court thought it appropriate to reopen the case to at least give all parties an opportunity to take any further action they believed was warranted. However, the Court reminded all of the parties that even though the case was reopened, that did not by itself create a bankruptcy estate. This was still a dismissed bankruptcy case and there could be no estate to administer unless the dismissal order was vacated. Moreover, because it is highly unusual for the Court to reopen a dismissed case where there is no further relief sought by any party to the dismissed case, the Court found that there was sufficient cause to reopen the case only for a finite period of time to give all parties the opportunity to request any further relief. On April 30, 2013, the Court entered an order (ECF No. 126) that reopened this case under § 350(b) of the Bankruptcy Code to permit the filing of any requests for relief no later than May 30, 2013. The order specified that the Court would close the case again on May 31, 2013 in the event that a timely request for relief was not filed.

The only request for relief that was timely filed was the motion by Fort Iron. Although Fort Iron initially opposed the reopening of this case at the hearing on April 29, 2013, its position had now changed. Similarly, the Debtor, who also opposed reopening this case at the hearing on April 29, 2013, now concurred in Fort Iron's motion. Although the Informal Committee had requested on April 29, 2013 that the Court reopen the case so that it could take further action with respect to any failure to properly disclose claims in this case, it did not file any request for relief within the deadline set by the Court.

Fort Iron makes three arguments in its brief in support of its motion. First, it argues that the Bankruptcy Court has jurisdiction to review and enforce prior orders entered by the Bankruptcy Court in this case. Second, Fort Iron argues that an evidentiary hearing will establish that it purchased all of the assets of the Debtor and that there are no other assets. Third, Fort Iron argues that CSX is precluded from collaterally attacking the sales orders previously entered by this Court.

Fort Iron's motion fails both procedurally and substantively.

Fort Iron's first argument is correct in a general way. The Bankruptcy Court does have jurisdiction to review and enforce its prior orders. But no party has challenged any of the Bankruptcy Court's orders or sought any relief from them. There is no dispute about the Bankruptcy Court's orders. Instead, Fort Iron requests a "determination" of the extent to which Fort Iron owns potential causes of action against the District Court Defendants. That is declaratory relief regarding the extent of Fort Iron's interest in property. Federal Rule of Bankruptcy Procedure 7001(2) requires an adversary proceeding to be filed where the relief requested is a determination of the validity, priority or extent of an interest in property. Fed. R. Bankr. P. 7001(9) likewise requires an adversary proceeding to be brought to obtain a declaratory judgment relating to such relief. The relief requested by Fort Iron in its motion for a "determination" can only be brought by means of an adversary proceeding, not by means of a motion.

The requirement of an adversary proceeding is not just form over substance. A complaint in an adversary proceeding names defendants against whom relief is sought. Fort Iron's motion for a "determination" does not name any defendants, nor provide the procedural safeguards that an adversary proceeding provides for parties who may be bound by a determination in an adversary proceeding.

-6-

The need for an adversary proceeding seeking declaratory relief, rather than just a motion for a "determination," is especially acute in this instance. It bears repeating that there is no pending bankruptcy case. The Debtor's bankruptcy case was dismissed on October 22, 2010. There are no parties who are properly joined for adjudication of Fort Iron's request for a "determination" because this is a dismissed case. Fort Iron's motion for a "determination" seeks no relief from the dismissal order, yet requests that this Court bind parties to the "determination" that it seeks. Because the case remains dismissed, there are no parties to it who would be bound by any "determination" that this Court now makes. Fort Iron cites cases involving bankruptcy courts construing orders that they have entered confirming Chapter 11 plans. But those cases do not help Fort Iron. There was no Chapter 11 plan in this case. There is no confirmation order to construe in this case. In these circumstances, where the bankruptcy case is dismissed, and no relief from the dismissal order is sought, Fort Iron's request for a "determination" amounts to a request for an advisory opinion. The Court lacks the power to render advisory opinions.

Fort Iron's second argument — that an evidentiary hearing will establish that it purchased all of the Debtor's assets — runs smack into the holding of the Opinion. Fort Iron's real problem is that it disagrees with Judge Goldsmith's statement in the Opinion that "the claims at issue here were never part of the asset sale." But there is no procedural basis for Fort Iron to come into the Bankruptcy Court to conduct an evidentiary hearing to obtain relief from that statement. Fort Iron's remedy is to intervene in the case before Judge Goldsmith if it believes that it has an interest in the subject matter of the District Court Lawsuit that requires protection. It is stating the obvious to say that the Bankruptcy Court has no jurisdiction to conduct an evidentiary hearing to refute the findings and holdings of the United States District Court.

Fort Iron's third argument – that CSX is precluded from collaterally attacking the Bankruptcy Court's orders – also fails. CSX has not sought to attack the Bankruptcy Court's orders in any forum. It has simply taken the position in the District Court Lawsuit that the Debtor's claims against the District Court Defendants were not included in the assets that Fort Iron purchased from the Debtor with Bankruptcy Court approval. That does not constitute a challenge to this Court's orders, nor is there any basis to conclude that CSX is somehow precluded from prosecuting the District Court Lawsuit.

The Opinion requested the Bankruptcy Court to consider whether to reopen the Debtor's bankruptcy case. On April 29, 2013, the Court held a hearing to permit all parties an opportunity to express any views they may have about reopening this case. Given the concerns articulated by Judge Goldsmith in the Opinion, and because the Informal Committee indicated that it was considering taking further action regarding possible undisclosed assets by the Debtor, the Court determined at the hearing to reopen this case for a limited period of time to permit an opportunity for parties in interest to file a request for relief. However, neither the UST nor any of the Debtor's creditors have requested the Court to conduct any further proceedings regarding any alleged failure of the Debtor to properly list claims on its schedules. Nor have they sought to vacate the dismissal order and reinstate the case to administer any assets. Further, no parties have brought to the Court's attention any facts that warrant this Court taking further action regarding the alleged failure of the Debtor to disclose on its schedules any potential claims against the District Court Defendants.

The only parties who are now asking the Court to keep the case open are Fort Iron and the Debtor, neither of whom is even a party to the District Court Lawsuit. But they are not motivated either by a desire to have the Bankruptcy Court or the UST investigate whether there was some

-8-

impropriety in the Debtor's schedules in this case or by a desire to vacate the dismissal order to administer any assets. To the contrary, Fort Iron and the Debtor wish to have the Court render an advisory opinion that they can take back to the District Court to combat the holdings made in the Opinion. There is nothing in the Opinion that suggests to this Court that Judge Goldsmith in any way directed this Court to reopen the bankruptcy case for the purpose of reviewing his holdings in the Opinion.

In sum, when the bankruptcy case was dismissed on October 22, 2010, all of the estate property revested in Hog Brothers at that time under § 349(b)(3). To the extent that the Debtor held claims against the District Court Defendants, those claims are now either owned by the Debtor or, as Fort Iron contends, by Fort Iron, because of its purchase of assets from the Debtor. But in neither case are these claims property of a bankruptcy estate. There is no bankruptcy estate, and keeping this case open does not somehow make them property of a bankruptcy estate in this dismissed bankruptcy case. The Court declines to give any advisory opinion in this dismissed bankruptcy case about who holds the claims against the District Court Defendants, whether it is the Debtor or Fort Iron. The issues of whether there are such claims and, if so, whether or not those claims are owned by the Debtor, are already pending before the District Court. There is no reason to conduct a parallel proceeding on those same issues in this Court.

Section 350(b) of the Bankruptcy Code gives the Court wide discretion in determining whether to reopen the case. The Court reopened this case for a limited period of time to permit parties to file appropriate requests for relief. The only request for relief filed is that by Fort Iron in which the Debtor concurs. For the reasons explained, that is not a proper request for relief either procedurally or substantively. Accordingly, for the reasons set forth in this order, and for the

reasons explained on the record at the hearing held on June 24, 2013, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that Fort Iron's motion (ECF No. 138) is denied.

**IT IS FURTHER ORDERED** that this case is closed.

.

```
Signed on June 25, 2013
                              _____/s/ Phillip J. Shefferly_____
                              Phillip J. Shefferly
                              United States Bankruptcy Judge
```